# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MELIDO PENA,**

      **Plaintiff,**

**v.**

**RDI, LLC.,**

      **Defendant.**

_____/

**Case No. 8:17-cv-1404-T-AAS**

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

1

**The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### Employee or Independent Contractor

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors.

In this case, Mr. Pena claims that he was an "employee" under the Fair Labor Standards Act ("FLSA") and that RDI was his employer for all hours worked during their entire employee-employer relationship, from April 26, 2012 to April 17, 2016 and that he is owed overtime compensation for all hours worked over forty per week throughout that timeframe. RDI agrees that Mr. Pena was an employee during that time but claims that Mr. Pena was also an "independent contractor" from January 2013 to March 2016, only for the hours that Mr. Pena performed duties for RDI while at his home. RDI's position is that Mr. Pena is only entitled to overtime pay for the hours spent working at RDI's business, and not entitled to overtime pay for work performed for RDI at Mr. Pena's home.

You must decide whether Mr. Pena stopped being RDI's "employee" and RDI stopped being Mr. Pena's "employer" when Mr. Pena performed work for RDI at his home, and whether Mr. Pena was instead an "independent contractor" during those hours. The fact that Mr. Pena and RDI labeled or even agreed that Mr. Pena was an independent contractor is immaterial. Where the work done, in its essence, follows the usual path of an employee, putting on an "independent contractor" label does not take the worker from the protection of the Act, and the parties' subjective intent of the nature of the relationship and/or the fact that any written agreement stated the workers were "independent contractors" is irrelevant. Looking at the entire relationship between Mr. Pena and RDI, your job is to determine whether Mr. Pena was dependent on RDI for his livelihood. You should resolve this question in light of the economic realities of the entire relationship

between the parties, determining whether that relationship demonstrates dependence. There are six factors that are to be considered based on all of the evidence when resolving this question:

1.  The nature and degree of RDI's control as to the manner in which the work was to be performed by Mr. Pena. Who controls Mr. Pena's work? In an employer/employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and set the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that assignment are determined by the independent contractor, normally using special skills necessary to perform that kind of work. Where the work is performed, such as from home, does not affect the analysis of whether a worker is an independent contractor. Similarly, being characterized as self-employed on tax returns or paid via 1099, even at the worker's request, does not automatically make the worker an independent contractor.

2.  Mr. Pena's opportunity for profit or loss. How much risk or opportunity does Mr. Pena have? An independent contractor is generally one who has the opportunity to make a profit or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer. An individual's ability to earn more by being more technically proficient does not indicate that he operates his own business.

3.  Mr. Pena's investment in equipment or materials required for his tasks in comparison with RDI's investments. Who provides Mr. Pena's tools, equipment, and supplies? An independent contractor usually provides the tools, equipment, and supplies necessary to do the job – but an employee usually does not. This factor focuses on the relative investments of the alleged employer and employee.

4.  Special skill involved. The Court has already determined that this factor leans in favor of employee status for Mr. Pena.

5.  The degree of permanency and duration of the working relationship. For how long and to what degree was the working relationship between Mr. Pena and RDI? A working relationship of less than one year is transient or itinerant and a signal of independent contractor status, whereas a longer, more permanent working relationship weighs toward employee status.

6.  The extent to which the services rendered by Mr. Pena is an integral part of RDI's business. The Court has already determined that this factor favors weighs in favor of employee status for Mr. Pena.

You should consider all the circumstances surrounding the work relationship—no single factor determines the outcome. While these factors serve as guides in determining employee or independent contractor status, the overarching focus of the inquiry is economic dependence.

## Waiver

The law holds that an employee cannot waive, release or compromise the right to overtime wages absent approval by a Court or the Department of Labor. An employer is legally obligated to pay overtime regardless of whether an employee demands it and even if an employee agrees to forego payment of overtime. An employer is liable for overtime wages if it knew or should have known that an employee is working overtime; thus, actual knowledge is not the standard.

## Fair Labor Standards Act – 29 U.S.C. §§201 *et seq.*

In this case, Mr. Pena claims that RDI did not pay him all of overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on his claim against RDI, Mr. Pena must prove each of the following facts by a preponderance of the evidence:

First: Mr. Pena was an employee of RDI and was employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second: RDI failed to pay Mr. Pena the overtime pay required by law.

For the first element, RDI admitted that it is a covered enterprise under the law, therefore the only remaining question is whether Mr. Pena was an "employee" or an "independent contractor." RDI admitted that Mr. Pena was an employee when he performed work for RDI at RDI's place of business, and so you must determine whether Mr. Pena remained RDI's employee when he performed work for RDI at his home.

Overtime claim:  As to the second element, the FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by 40. To calculate how much overtime pay was owed Mr. Pena for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. RDI failed to pay Mr. Pena the required overtime pay if it paid him less than that amount.

9

The amount of damages is the difference between the amount Mr. Pena should have been paid and the amount he was actually paid.

### Employer Records

The law requires employers to keep records of the number of hours actually worked by its employees subject to the Act. The law requires those records show the number of hours worked each work day and the total hours worked each work week.

If you find Mr. Pena has proven the amount and extent of her hours of work as a matter of just and reasonable inference, the burden then shifts to RDI to come forward with evidence of the precise amount of work performed each workweek, or with evidence to negate the reasonableness of the inferences to be drawn from Mr. Pena's evidence. Thus, you may award damages to Mr. Pena based on the inference created by Mr. Pena's evidence.

11

**Statute of Limitations**

The statute of limitations for a claim seeking unpaid overtime wages under the FLSA is generally two years. But if the claim is one 'arising out of a willful violation,' the statute of limitations is extended to three years. To prove willfulness and therefore obtain the benefit of the three year statute of limitations, an employee must establish that the employer knew, or showed reckless disregard for, the fact that its conduct was forbidden by the FLSA. Willfulness exists where the employer disregarded the very possibility that it was violating the FLSA.

If you find that RDI's conduct was willful, then Mr. Pena is entitled to recover lost wages from July 6, 2014 to the end of his employment; if not, then Mr. Pena entitled to receive lost wages from July 6, 2015 to the end of his employment.

**Employer Cannot Accept the Benefit of an Employee's Work Without Compensation,
Including Work Away from the Employer's Business Premises**

The law does not permit an employer to accept the benefits of an employee's work without compensating the employee for all work time, which necessarily includes proper overtime pay. The rule against uncompensated work is also applicable to work performed away from the premises or the job site, or even at home. If the employer knows or has reason to believe that the work is being performed, he must count the time as hours worked.

If a preponderance of the evidence reflects that Mr. Pena was an employee, and RDI knew or should have known that Mr. Pena worked overtime hours for which he was not properly compensated in any single workweek, you must find that Mr. Pena is entitled to any unpaid overtime wages for each such workweek.

## Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Mr. Pena's damages should not be interpreted in any way as an indication that I believe that Mr. Pena should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Duty to Deliberate Only when All Jurors Present and Prohibition on Outside Research and Communications

You can only discuss the case in the jury room with your fellow jurors during deliberations. Anytime a juror leaves the deliberation room, deliberations must pause until that juror returns. For example, if a juror leaves the deliberation room to use the restroom, the remaining jurors cannot continue deliberations until that juror returns from the restroom. Everyone needs the benefit of the discussion.

During your deliberations, you must not communicate about the case with anyone other than your fellow jurors. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website, such as Facebook MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.

You may not use electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

I expect you will inform me as you become aware of another juror's violation of these instructions. If a juror violates these restrictions, it could cause a mistrial, which would require the entire trial process to start over.

### Election of Foreperson; Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

### [Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.