UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELIDO PENA,

    Plaintiff,

v.                                        Case No. 8:17-cv-1404-T-AAS

RDI, LLC.,

    Defendant.
_____/

## ORDER

Melido Pena moves for an order awarding liquidated damages. (Doc. 80). The April 4th order required RDI to respond to Mr. Pena's motion by April 19th. (Doc. 82). The order also advised RDI that failure to respond would result in the court treating Mr. Pena's motion as unopposed. RDI's April 19th deadline passed, and RDI submitted no response. The court therefore treats Mr. Pena's motion as unopposed.

Mr. Pena argues he is entitled to liquidated damages and asks for "entry of an order awarding [him] liquidated damages." (Doc. 80).

An employer who violates Sections 206 (minimum-wage provision) or 207 (overtime provision) of the FLSA, must also pay the employee "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). If an employer fails to show it acted in good faith when it failed to comply with Sections 206 or 207, then the court must award liquidated damages. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th

1

Cir. 1987) (citation omitted).

If a jury finds an employer violated the FLSA and awards compensatory damages, the court must generally add an equal award of liquidated damages. *11th Cir. Pattern Jury Instr. Civ.* 4.14, annotations and comments (2013). If the jury finds that the employer acted willfully, then the court must award liquidated damages. *Id.*; *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) (citations omitted). To prove the employer acted willfully, the employee must establish the employer "knew, or showed reckless disregard for, the fact that its conduct was forbidden by the FLSA." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1283 (11th Cir. 2008); *11th Cir. Pattern Jury Instr. Civ.* 4.14, annotations and comments.

The jury found RDI violated the FLSA and RDI knew or showed reckless disregard for its FLSA violations. (Doc. 77). The jury therefore awarded Mr. Pena $20,979.25 in owed overtime compensation. (*Id.*). As a result of the jury's findings, Mr. Pena may recover $20,979.25 in liquidated damages. The following is therefore **ORDERED**:

1. Mr. Pena's motion for an award of liquidated damages (Doc. 80) is **GRANTED**. Mr. Pena may recover **$20,979.25** in liquidated damages.
2. By **May 7, 2019**, Mr. Pena must submit a proposed judgment that reflects the jury's verdict and his liquidated-damages award. Mr. Pena must upload his proposed judgment on CM/ECF and email a copy (in

Word format): chambers_flmd_sansone@flmd.uscourts.gov.

**ORDERED** in Tampa, Florida, on April 23, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge