UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELIDO PENA,

  Plaintiff,

v.             Case No. 8:17-cv-01404-T-AAS

RDI, LLC, a Florida Limited Liability Company,

  Defendant.
_____/

## ORDER

Melido Pena seeks an award of attorney's fees and costs. (Docs. 87, 90).

## I. BACKGROUND

Pena initiated this action against RDI, LLC (RDI) for unpaid overtime wages under the Fair Labor Standards Act (FLSA). On April 3, 2019, a jury awarded Pena $20,979.25 in damages. (Doc. 77). An April 23, 2019 Order added liquidated damages also in the amount of $20,979.25. (Doc. 83). Pena now seeks his attorney's fees and costs. (Docs. 87, 90). RDI did not respond.

## II. ANALYSIS

### A. Attorney's Fees

The principle that guides motions for attorney's fees is the American Rule: Each party must pay its own attorney's fees unless a statute or contract provides otherwise. *Baker Botts LLP v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015) (quotation

1

and citation omitted). In FLSA cases, 29 U.S.C. § 216(b) mandates an award of reasonable attorney's fees and costs to a prevailing plaintiff. *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 (5th Cir. 1979). A prevailing plaintiff is "one who has been awarded some relief by the court" and "has prevailed on the merits of at least some of his claims." *Buckhannon Bd. & Care Home, Inc. v. Virginia Department of Health and Human Resources*, 532 U.S. 598, 603 (2001) (citing *Hanrahan v. Hampton*, 446 U.S. 754, 758, (1980)). The court entered judgment in favor of Pena on May 15, 2019, making Pena the prevailing party in this case. (Doc. 86). Therefore, Pena may collect the value of his reasonable attorney's fees from RDI.

The court uses the "lodestar" method to determine the reasonable fee amount. The lodestar method calculates "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The burden is on the party seeking fees to submit adequate documentation. *Id*. Once the fee-seeking party submits adequate documentation supporting the hours worked, the court excludes unreasonably "excessive, redundant, or otherwise unnecessary" hours. *Id*. at 434.

The court must also determine a reasonable hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

The burden is on the party seeking these fees to submit "satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* After multiplying the number of hours reasonably expended by the reasonable hourly rate, the court has the discretion to raise or lower the fee award "depending upon a number of factors, including the quality of the results and representation of the litigation." *Duckworth*, 97 F.3d at 1396.

Pena seeks an attorney's fee award of $91,343.25. Broken down, this award includes 208.65 attorney hours at an hourly rate of $425 each for Attorneys De Arcangelis and Murthy and 25.4 paralegal hours at an hourly rate of $105 for paralegal work. (Doc. 87 at Att. 1). Pena's counsel submitted detailed affidavits in support of this request. (*Id.*). *See also Femia v. Melbourne Park, LLC*, Case No. 6:15-cv-113-Orl-22GJK, 2015 WL 2084725, at *3 (M.D. Fla. April 27, 2015) (approving Attorney De Arcangelis's $425 hourly rate). Pena's counsel also reduced their billed hours to account for potentially excessive or redundant billing. (Doc. 87 at Att. 1). RDI has not responded to this motion, and its time to do so has expired. Therefore, Pena's motion is presumed to be unopposed. *Carruega v. Steve's Painting, Inc.*, Case No. 2:16-cv-715-FtM-29CM, 2017 WL 3387228, at *3 (M.D. Fla. Aug. 7, 2017).

Based on a review of the submissions, the court finds the requested hourly rate and hours expended to be reasonable. The requested rate is reasonable in light of the attorneys' credentials, their experience in this area of law resulting in their efficiency in completing tasks, their success at trial, and the opposing party's failure to object

to this request. The request for attorney's fees is granted.

**B.     Costs**

Pena also seeks taxable costs of $3,954.12. (Doc. 87 at Att. 1). Again, because RDI has not responded, Pena's motion is presumed unopposed. *Carruega*, Case No. 2:16-cv-715-FtM-29CM, 2017 WL 3387228, at *3.

Absent explicit statutory or contractual language, a court only may award the prevailing party costs outlined in 28 U.S.C. Sections 1821 and 1920. Fed. R. Civ. P. 54(d)(1); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). The costs a court may award under Section 1920 "are limited to relatively minor, incidental expenses." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). As a result, costs awarded under Section 1920 "almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Id.* (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2666 pp. 202–03 (3d ed. 1998)).

After the prevailing party files a verified bill of costs with the Clerk, the losing party bears the burden of demonstrating that proposed costs are not taxable. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt, Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005) (citations omitted); *see also Arcadian Fertilizer, LP v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted) (stating that "[t]he presumption is in favor of awarding costs"). The burden lies with the prevailing party to demonstrate it may recover a proposed cost if that cost "is a matter within the

exclusive knowledge of the prevailing party." *Royal Palace Hotel Assocs., Inc. v. Int'l Resort Classics, Inc.*, 178 F.R.D. 595, 602 (M.D. Fla. 1998) (citation omitted).

Each requested cost will be addressed.

1. Fees of the Clerk

Pena requests $400 for fees of the Clerk. (Doc. 90, Att. 1). These fees are taxable costs under 28 U.S.C. § 1920(1). Pena's request for $400 in fees to the Clerk is granted.

2. Fees for Service of Summons and Subpoena

Pena requests $55 for a fee for service of summons and $7.70 for shipping, which totals $62.70. (Doc. 90, Att. 1). Delivery, mailing, and postage charges are not taxable costs under 28 U.S.C. §1920. *Duckworth*, 97 F.3d at 1399; *Watson v. Lake County*, 492 F. App'x 991, 997 (11th Cir. 2012); *Sanfilippo*, Case No. 8:04-cv-2079-T27MSS, 2008 WL 1957836 at *5. However, private service of process is taxable if the rate for service does not exceed the rate charged by the U.S. Marshal's Service. *James v. Wash Depot Holdings, Inc.*, 242 F.R.D 645, 649 (S.D. Fla. 2007) (*citing U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir.2000)). The U.S. Marshal's Service currently charges $65 for service of process. 28 CFR 0.114(a)(3). Therefore, Pena's request for $55 for service of process is granted and Pena's request for $7.70 for shipping is denied.

3. Fees for Printed and Electronic Transcripts

Pena requests $784.70 for fees for printed and electronic transcripts and $55

5

for delivery and processing of said transcripts. The fees for printed and electronic transcripts are taxable costs under 28 U.S.C. § 1920(2). Again, delivery, mailing, and postage charges are not taxable costs under 28 U.S.C. §1920. *Duckworth*, 97 F.3d at 1399; *Watson,* 492 Fed. Appx. at 97; *Sanfilippo*, Case No. 8:04-cv-2079-T27MSS, 2008 WL 1957836 at *5. Therefore, Pena's request for $784.70 for fees for printed and electronic transcripts is granted and Pena's request for $55 for delivery and processing of the transcripts is denied.

    4.    <u>Compensation of Interpreter</u>

Last, Pena requests $2,651.71 for costs associated with the compensation of an interpreter. (Doc. 90, Att. 1). These fees are taxable costs under 28 U.S.C. § 1920(6). Therefore, Pena's request for costs associated with the compensation of an interpreter is granted.

## III. CONCLUSION

As the prevailing party in this FLSA case, Pena is entitled to recover attorney's fees. 29 U.S.C. § 216(b) (2018). Pena is also entitled to recover taxable costs listed in 28 U.S.C. Sections 1821 and 1920.

Therefore, it is **ORDERED** that:

1) Pena's Motion for Award of Attorneys' Fees and Costs (Doc. 87) is **GRANTED** as follows:

    a.    Pena's motion for attorneys' fees is **GRANTED.**

    b.    Pena's motion for taxable costs is **GRANTED** with the

exception of the $62.70 Pena seeks for reimbursement of shipping and delivery costs.

2) Pena is awarded reasonable attorney's fees of **$91,343.25** and taxable costs of **$3,891.42**.

**ORDERED** in Tampa, Florida on July 10, 2019.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge