UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELIDO PENA,**

    Plaintiff,

v.                                                                     Case No. 8:17-cv-1404-T-AAS

**RDI, LLC,**
**a Florida Limited Liability Company,**

    Defendant.
_____/

**ORDER**

Mr. Melido Pena seeks an order invoking supplementary proceedings in this action, impleading third parties, and for issuance of a notices to appear. (Docs. 104, 116).

**I.    BACKGROUND**

Mr. Pena sued RDI, LLC for unpaid overtime wages, liquidated damages, and attorney's fees and costs under the Fair Labor Standards Act. (Doc. 1). A jury entered verdicts for Mr. Pena and against RDI for $20,979.25 in unpaid wages and $20,979.25 in liquidated damages, and judgments were entered on the verdicts. (Docs. 77, 83, 86). The court entered a subsequent judgment against RDI for $95,235.67 for attorney's fees and costs. (Docs. 91, 94). Thus, Mr. Pena ultimately obtained judgments against RDI for $137,193.17, which remains outstanding. (Doc. 104, Ex. 1).

Mr. Pena alleges Mr. Robert DiNicolantonio, as the managing member and shareholder of RDI, allowed RDI to be administratively dissolved and created a new

1

corporation called Lakeland Flight Interiors, LLC (Lakeland Flight) to avoid RDI's creditors. (Doc. 104, ¶¶ 5–9). Mr. Pena also alleges Mr. DiNicolantonio holds or controls property not exempt from execution. (Doc. 116, Ex. 1). Likewise, Mr. Pena alleges Lakeland Flight, as the recipient of RDI's fraudulent transfers, holds or controls property not exempt from execution. (*Id.*).

Mr. Pena seeks to commence proceedings supplementary to hold third parties Lakeland Flight and Mr. DiNicolantonio liable for the judgments against RDI. (Docs. 104, 116). RDI did not respond to Mr. Pena's motion. But at the February 19, 2020 hearing, RDI stated it will be filing for bankruptcy and Mr. DiNicolantonio has filed for personal bankruptcy. However, no notices or motions filed in this case suggest any current bankruptcy proceedings for either RDI or Mr. DiNicolantonio or that this action should be stayed pending any bankruptcy proceedings.

## II. ANALYSIS

### A. Proceedings Supplementary

Rule 69 instructs "the procedure on execution [of a money judgment]—and in proceedings supplementary to and in aid of execution—must accord with the procedure of the state where the court is located," unless a federal statute applies. Fed. R. Civ. P. 69(a)(1). Under Florida law, judgment creditors who file a motion and an affidavit stating that they hold an unsatisfied judgment or judgment lien are entitled to proceedings supplementary to execution. Fla. Stat. § 56.29(1). Therefore, all that is required to initiate proceedings supplementary is that "the judgment creditor have an unsatisfied judgment and file an affidavit averring that the

2

judgment is valid and outstanding." *Fundamental Long Term Care Holdings, LLC v. Estate of Jackson ex rel. Jackson-Platts*, 110 So. 3d 6, 8 (Fla. 2d DCA 2012); *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1119 (Fla. 4th DCA 2018) ("[B]ecause the judgment creditor submitted a motion and affidavit in compliance with section 56.29(1), the trial court erred in denying proceedings supplementary altogether.").

Mr. Pena's attorney Kim De Arcangelis declares RDI failed to satisfy the judgments, and the judgments against RDI remain "valid and outstanding." (Doc. 104, Ex. 1). Therefore, the requirements of Fla. Stat. § 56.29(1) are satisfied and Mr. Pena is entitled to proceedings supplementary to execution.

### B. Description of Third Parties' Property in Affidavit and Notice to Appear

Section 56.29(2) of the Florida Statutes "governs the process for bringing third parties into proceedings supplementary." *Longo*, 236 So. 3d at 1119; *see Kennedy v. RES-GA Lake Shadow, LLC*, 224 So. 3d 931, 933 (Fla. 1st DCA 2017) (citations omitted) ("After a party initiates proceedings supplementary, a creditor may pursue assets held by the debtor, assets of the debtor held by another, or assets that have been fraudulently transferred to another. But the rights of any third-party interest-holders must be accounted for by impleading them into the proceeding and allowing them to defend their interests."). The first sentence in Section 56.29(2) requires the Section 56.29(1) motion or a supplemental affidavit "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied

3

toward the satisfaction of the judgment." Upon the judgment creditor filing this motion and affidavit, the court shall issue a "Notice to Appear," which "must describe *with reasonable particularity* the property, debt, or other obligation that may be available to satisfy the judgment." Fla. Stat. § 56.29(2) (emphasis added).

The notice to appear procedure under section 56.29(2) advises third parties like Lakeland Flight and Mr. DiNicolantonio of their property, debt, or other obligation due to the judgment debtor that may be available to satisfy the judgment. The notice to appear also must advise the third parties of their opportunity to present defenses, must indicate to the third parties that discovery consistent with the rules of civil procedure is available, and must advise the third parties they have a right to a jury trial. Fla. Stat. § 56.29(2). Mr. Pena's proposed Notices to Appear in Proceedings Supplementary describe the property at issue with reasonable particularity and also otherwise comply with Section 56.29(2). (Doc. 116, Exs. 2, 3).

### III. CONCLUSION

Thus, Mr. Pena's Motion to Commence Proceedings Supplementary, Implead Third Party, and Issue Statutory Notices to Appear (Doc. 298) is **GRANTED**. Mr. Pena may file and serve its impleader complaint. The issued Notices to Appear are attached to this order and may be served in accordance with Fla. Stat. § 56.29(2).

**ORDERED** in Tampa, Florida on February 27, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4