# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MELIDO PENA,

    Plaintiff,

vs.                          CASE NO.: 8:17-CV-1404-T-17AAS

RDI, LLC, a Florida Limited Liability Company,

    Defendant.              /

## PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to the Federal and Local Rules of Civil Procedure, and 29 U.S.C. § 216(b) (the "FLSA") and this Court's Order entered on February 19, 2020 (D.E. 115), Plaintiff, MELIDA PENA ("Pena" or "Plaintiff") moves this Court for an award of attorneys' fees and costs, and states as follows:

## BACKGROUND

Plaintiff is the prevailing party in this matter. On February 19, 2020, the Parties attended an in-person hearing on, among other matters, Plaintiff's Motion for an Order to Show Cause. (D.E. 97). On February 19, 2020, this Court entered an Order granting Plaintiff's Motion directing Defendant to pay Plaintiff's reasonable expenses, including attorneys' fees and costs incurred in preparing Plaintiff's September 19, 2019 Motion to Enforce Judgment and subsequent work through January 24, 2020, which is the date that Defendant provided Plaintiff with the disc of electronic documents referenced in the Fact Information Sheet. (D.E. 115). Plaintiff attempted to resolve said attorneys' fees, but

Defendant has failed to make any offer regarding same. Therefore, Plaintiff hereby moves for the entry of an Order awarding him such attorneys' fees and expenses.

For these reasons, Plaintiff is entitled to an award of his reasonable attorneys' fees and costs in this case, in the total amount of **$6,004.00**.

## MEMORANDUM OF LAW

### A. Plaintiff as the Prevailing Party is Entitled to His Attorneys' Fees and Costs.

A prevailing plaintiff's attorney's fee is mandatory. *See Weisel v. Singapore Joint Venture, Inc.,* 602 F 2d 1185 (5th Cir. 1979). Plaintiff is the prevailing party in this case as the Court entered an Order requiring Defendant to pay Plaintiff his reasonable fees and costs. *See* D.E. 115. The Eleventh Circuit has recognized, "[t]he Supreme Court has instructed us that there is a 'strong presumption' that the lodestar figure, without any adjustment, is the reasonable fee award." *Kenny A. ex rel. Winn v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008)(quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). Sworn testimony by counsel that the hours were spent in litigating this case is evidence of considerable weight of the time required and it must appear the time is obviously and convincingly excessive to reduce the hours. *See Perkins v. Mobile Housing Authority,* 847 F.2d at 738 (11th Cir. 1988).

### B. The Lodestar Method.

In order to calculate the fees that an attorney is entitled to, the Court employs the "lodestar method" and multiplies the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995). The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case.

*Id.* Adjustments are to be made as necessary in the particular case. *See Blum v. Stenson,* 465 U.S. 886, 888 (1984); *Kreager v. Solomon & Flannagan, P.A.,* 775 F.2d 1541 (11th Cir. 1985); *Hendrick v. Hercules, Inc.,* 658 F.2d 1088 (5th Cir. 1981).

Counsel for prevailing plaintiffs should be paid as is traditional with attorneys compensated by a fee paying client for all time reasonably expended on a matter and for all expenses forwarded on the plaintiff's behalf. *See Blanchard v. Bergeron,* 489 U.S. 87, 91 (1989). The party seeking attorneys' fees bears the burden of documenting the appropriate hours expended. *See Louisiana Power & Light Co.*, 50 F.3d at 324.

Attached to this Motion as Composite **EXHIBIT A** is the Declaration of Attorney Kimberly De Arcangelis, in which the undersigned provides the Court with the requisite itemized statement of the time and labor expended on this case during the timeframe this Court ordered Defendant to pay Plaintiff. *See* D.E. 115. The Declaration contains a certification that the Declarant has fully reviewed the time records that are the supporting data for the Declaration and that the hours claimed are well grounded in fact and justified. The Declaration of De Arcangelis confirms the total hours incurred in in preparing the September 19, 2019 Motion to Enforce Judgment and in performing subsequent work through January 24, 2020, when Defendant RDI, provided Plaintiff with the disc of electronic documents referenced in the Fact Information Sheet. Time sheets confirming the same have been attached and the entries differentiate the legal work that was completed in this matter. The total hours are 14 attorney hours and .40 paralegal hours totaling fees in the amount of **$6,004.00**.

In determining the reasonable hourly rate, courts look to the reasonable hourly rate for attorneys of a similar caliber practicing in the community. *See Watkins v. Fordice,* 7 F.3d 453,

458 (5th Cir.1993); *Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir.2002); *In re Enron Corp. Sec., Derivative & ERISA Litig.,* 586 F.Supp.2d 732, 756 (S.D. Tex. 2008). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1308 (11th Cir.1988). When an attorney's requested rate is his customary billing rate and within the range of prevailing market rates, the court should consider the rate *prima facie* reasonable if not contested. *See Louisiana Power & Light,* 50 F.3d at 328. As noted below, prior fee awards to Attorney De Arcangelis, including in this Court, supports a fee award at a rate of at least $425.00 hour.

### C. Prior Fee Awards to Attorney De Arcangelis in this District

The undersigned has been awarded $425 per hour by this Court following the jury verdict and award of liquidated damages in this matter. *See* D.E. 91. *See also Femia v. Melbourne Park, LLC*, Case No. 6:15-cv-113-Orl-22GJK, 2015 WL 2084725, at *3 (M.D. Fla. April 27, 2015) (approving Attorney De Arcangelis' $425 hourly rate). In addition, Attorney De Arcangelis has had extensive experience handling similar claims involving single plaintiff litigation as well as Florida and nationwide class/collective actions involving thousands of plaintiffs. *See* De Arcangelis Decl.. at ¶ 9.

### CONCLUSION

This Court previously ordered Defendant to pay reasonable expenses related to the total hours incurred in in preparing the September 19, 2019 Motion to Enforce Judgment and in performing subsequent work through January 24, 2020, when Defendant RDI, provided Plaintiff with the disc of electronic documents referenced in the Fact Information Sheet. To date, Defendant RDI has failed to offer even a single penny to resolve such fees and expenses.

Accordingly, Plaintiff respectfully submits that he should be reimbursed for all reasonable attorneys' fees and costs incurred pursuant to this Court's Order entered in February 19, 2020.

WHEREFORE, Plaintiff respectfully requests that the Court award him reasonable attorneys' fees in the amount of $**6,004.00**.

Dated: March 30, 2020
                                         _/s/ Kimberly De Arcangelis____
                                         Kimberly De Arcangelis, Esq.
                                         Bar No.: 0025871
                                         Morgan & Morgan, P.A.
                                         20 N. Orange Ave., 16th Floor
                                         P.O. Box 4979
                                         Orlando, FL 32802-4979
                                         Telephone:   (407) 420-1414
                                         Facsimile:   (407) 245-3383
                                         Email: kimd@forthepeople.com
                                         Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing document has been furnished to the Clerk of the Court using the CM/ECF System which I understand will send notice to all counsel of record, this 30th day of March, 2020.

                                         _/s/ Kimberly De Arcangelis____
                                         Kimberly De Arcangelis, Esq.