UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELIDO PENA,

    Plaintiff,
v.                                          Case No. 8:17-cv-1404-T-AAS

RDI, LLC, a Florida Limited Liability
Company,

    Defendant.
_____/

## ORDER

Melido Pena seeks an award of attorney's fees related to discovery disputes on post-judgment proceedings. (Doc. 119).

**I.    BACKGROUND**

Mr. Pena sued RDI, LLC for unpaid overtime wages under the Fair Labor Standards Act. On April 3, 2019, a jury awarded Mr. Pena $20,979.25 in damages. (Doc. 77). An April 23, 2019 Order added liquidated damages also for $20,979.25. (Doc. 83). The Clerk entered judgment for Mr. Pena for total of $41,958.50. (Doc. 86).

Mr. Pena successfully sought his attorney's fees and costs. (Docs. 87, 90, 91). Mr. Pena received a judgment on his attorney's fees and costs. (Docs. 92, 93, 94). Because RDI did not pay its judgment, Mr. Pena moved to enforce the judgment by requiring RDI to complete a Fact Information Sheet. (Doc. 95). After the time to respond elapsed and RDI did not respond, the court granted Mr. Pena's motion and

1

directed RDI to complete the Fact Information Sheet within forty-five days. (Doc. 96).

Mr. Pena moved for RDI to show cause because they failed to complete the Fact Information Sheet. (Doc. 97). Rather than respond substantively, RDI's attorney Philip Kuhn moved to withdraw and explained his client did not respond to any emails. (Docs. 98, 101). The court set a hearing on January 7, 2020 for Mr. Pena's motion for show cause order (Doc. 100), but the court continued the hearing to January 28, 2020 to allow Attorney Kuhn to contact RDI by various means and to have RDI complete the Fact Information Sheet (Doc. 103).

RDI completed and mailed the Fact Information Sheet to Mr. Pena's counsel. (Doc. 106). The court canceled the January 28th hearing but reset it for February 19, 2020 after Mr. Pena's counsel could review the Fact Information Sheet. (Docs. 109, 110). At the February 19th hearing, the court awarded Mr. Pena reasonable attorney's fees because RDI produced the Fact Information Sheet after Mr. Pena moved to enforce the judgment. (Doc. 115, ¶ 3). The court determined Mr. Pena may recover reasonable expenses incurred in preparing the September 19, 2019 motion to enforce the judgment (Doc. 95) and subsequent work thorough the date in January 2020 when RDI provided Mr. Pena with the disc of electronic documents referenced in the Fact Information Sheet. (Doc. 115, ¶ 3).

The court ordered the parties to meet and confer on a reasonable amount of attorney's fees. (*Id*. at ¶ 3a). Because the parties could not agree on reasonable

amount of attorney's fees, Mr. Pena moves for attorney's fees. (Doc. 119). RDI has not responded and the time to do so has passed. Therefore, Pena's motion is presumed to be unopposed. *Carruega v. Steve's Painting, Inc.*, Case No. 2:16-cv-715-FtM-29CM, 2017 WL 3387228, at *3 (M.D. Fla. Aug. 7, 2017).

## II. ANALYSIS

Mr. Pena seeks an attorney's fee award of $6,004.00:

| Timekeeper | Hours | Rate per Hour | Total |
|---|---|---|---|
| Kim De Arcangelis (Associate) | 14.00 | $425 | $5,950.00 |
| Becki Rodak (Paralegal) | .4 | $135 | $54.00 |
| **Total** | **14.4** | | **$6,004.00** |

The initial burden of proof that the fee is reasonable falls on Mr. Pena, who must submit evidence about the number of hours expended and the hourly rate claimed. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). The starting point for setting an attorney's fee is to determine the "lodestar" figure: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 433; *Norman,* 836 F.2d at 1299. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty Cty. Bd. of Edu.,* 775 F.2d 1565, 1571 (11th Cir. 1985).

Most or all of these factors are subsumed in the calculation of the lodestar:

(1) the time and labor required; (2) the novelty and difficulty of the

> questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman,* 836 F.2d 1292 (citing *Johnson v. Ga. Hwy. Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974)).

The reasonableness of the rate charged is determined by its congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. Uni. of S. Ala.,* 911 F.2d 604, 610 (11th Cir. 1990).

A fee applicant may meet the burden to show the reasonable rate by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. The court may also use its own expertise and judgment to assess the value of an attorney's services. *Id.* at 1303; *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cty.,* 278 F. Supp. 2d 1301, 1310 (M.D. Fla. 2003); *Scelta v. Delicatessen Support Servs.,* 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded

as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). When reducing fees, courts may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008). Although courts may apply either method, they cannot apply both. *See id.* Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice,* 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

The court will address the reasonableness of the hourly rates charged before addressing the reasonableness of the time entries.

### A.     **Reasonable Hourly Rate**

The court may decide a reasonable rate based on its own expertise and judgment. *Norman,* 836 F.2d at 1303–04. The court looks to the skills, experience, and reputation of the attorneys to determine what comparable lawyers charge for similar services in this locality. "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Barnes,* 168 F.3d at 437; *Cullens v. Ga. Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market is Tampa, Florida.

Mr. Pena requests an hourly rate of $425 for Attorney Kimberly De Arcangelis and an hourly rate of $135 for paralegal work for Becki Rodak. (Doc. 119-1). Mr.

Pena's counsel submitted a detailed affidavit to support this request. (*Id.*). *See also Femia v. Melbourne Park, LLC*, Case No. 6:15-cv-113-Orl-22GJK, 2015 WL 2084725, at *3 (M.D. Fla. April 27, 2015) (approving Attorney De Arcangelis's $425 hourly rate). Previously, the court approved Attorney's De Arcangelis's $425 hourly rate as reasonable. (Doc. 91).

Although Mr. Pena seeks more for the paralegal work than his last request for attorney's fees (Doc. 87-1 (requesting a rate of $105 for paralegal hours)), the increase in paralegal hourly rate is warranted. According to the Florida Bar's 2018 Economics and Law Office Management Survey published in March 2019, the median hourly rate for paralegals is $125.[1] Therefore, an hourly rate of $135 for this experienced paralegal's work is reasonable.

### B. Reasonable Hours and Time Entries

Next, the lodestar analysis requires the court to determine the reasonable number of hours the moving party's attorneys expended. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). To prevail in its request for attorney's fees, the moving party should present accurate records that detail the work the attorneys performed. *Id.* Inadequate documentation may reduce the fees requested. *Id.*; *Hensley*, 461 U.S. at 433. The court may also reduce hours it finds excessive or unnecessary. *Rowe*, 472 So. 2d at 1150.

---

[1] The Florida Bar, *Results of 2018 Economics and Law Office Management Survey* (March 2019), https://www-media.floridabar.org/uploads/2019/03/2018-Economics-Survey-Report-Final.pdf.

After the moving party provides sufficient documentation to support an attorney's fees award, the burden shifts to the opposing party to point out with specificity which hours should be reduced. *22nd Century Prop., LLC v. FPH Prop., LLC*, 160 So. 3d 135, 142–43 (Fla. Dist. Ct. App. 2015) (quotation and citation omitted). Conclusory objections and generalized statements are not given much weight. *Gray v. Lockheed Aeronautical Sys., Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). Hours to which the opposing party fails to object with specificity are accepted as reasonable. *Scelta*, 203 F. Supp. 2d at 1333–34 (citations omitted). And the court must review the billing log to determine whether the work was unnecessary, excessive, redundant, included improper billing or clerical work performed by attorneys. *See Barnes,* 168 F.3d at 428.

For the reasonable hours and time entries, Mr. Pena sufficiently documented the hours requested, and RDI did not object to the hours or time entries. Even though RDI did not object, the court reviews Mr. Pena's billing log. After review, the court found ten entries outside the scope of what the court ordered Mr. Pena could recover. Specifically, the court ordered:

> RDI must pay Mr. Pena's reasonable expenses, including attorney's fees, incurred in seeking RDI's Fact Information Sheet. Mr. Pena may recover reasonable expenses incurred in preparing the September 19, 2019 motion to enforce the judgment (Doc. 95) and subsequent work thorough the date in January 2020 when RDI provided Mr. Pena with the disc of electronic documents referenced in the Fact Information Sheet."

(Doc. 115, ¶ 3). While the Fact Information Sheet helped prepare the motion for

supplemental proceedings, work related to the motion for supplemental proceedings is outside the scope of the order.[2]

Therefore the following entries are cut:

| Timekeeper | Date | Work | Hours |
|---|---|---|---|
| Kim De Arcangelis | 1/7/20 | Research re motion for proceedings supplementary and to implead third parties | 1.8 |
| Kim De Arcangelis | 1/7/20 | Telephone conference with collections atty re potential representation | 0.3 |
| Kim De Arcangelis | 1/8/20 | Research additional cases and rules re supp proceedings and 3rd party implead | 0.5 |
| Kim De Arcangelis | 1/8/20 | Begin preparation of Motion for supp proceedings and to Implead | 0.8 |
| Kim De Arcangelis | 1/16/20 | Preparation of edits to motion for proceedings supplementary and to implead | 0.4 |
| Kim De Arcangelis | 1/17/20 | Preparation of exhibits and final edits to motion for proceedings supp to be filed today | 0.2 |
| Kim De Arcangelis | 1/20/20 | Email prepared for Cesary Bullard re motions filed, FIS and all information re her joining as co-counsel to collect judgments | 0.3 |
| Kim De Arcangelis | 1/23/20 | Email from Cesary Bullard | 0.1 |
| Kim De Arcangelis | 1/23/20 | Telephone conference with Cesary Bullard re collecting judgment | 0.3 |
| Becki Rodak | 1/8/20 | Preparation of Affidavit of Judgment Lien | 0.2 |

---

[2] Even though Mr. Pena cannot recover fees for the supplemental proceedings under the previous court order (Doc. 115), Florida statute allows recovery of reasonable attorney's fees for proceedings supplementary after completion of those supplementary proceedings. Fla. Stat. § 56.29(8); *see also Hatfield v. A+ Nursetemps, Inc.*, No. 5:11-cv-416-Oc-10PRL, 2015 WL 3618545, at *3 (M.D. Fla. June 9, 2015).

Therefore, Attorney De Arcangelis's hours are reduced to 9.3 hours (subtracting 4.7 hours), and Ms. Rodak's hours are reduced to 0.2 hour (subtracting 0.2 hour).

### C. Final Calculation

After making the reductions in the time entries and multiplying the hours reasonably expended by the hourly rates, Mr. Pena should be awarded **$3,979.50** in attorney's fees. Mr. Pena's award is calculated as follows:

| Timekeeper | *Reduced Hours* | Rate per Hour | Total |
|---|---|---|---|
| Kim De Arcangelis (Associate) | 9.3 | $425 | $3,952.50 |
| Becki Rodak (Paralegal) | 0.2 | $135 | $27.00 |
| **Total** | **9.5** | | **$3,979.50** |

### III. CONCLUSION

Mr. Pena's motion for attorney's fees (Doc. 119) is **GRANTED.** Mr. Pena is awarded reasonable attorney's fees of **$3,979.50** to be paid within thirty days from this order.

**ORDERED** in Tampa, Florida on April 16, 2020.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge