UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELIDO PENA,**

    **Plaintiff,**

v.                                                       Case No.: 8:17-cv-1404-AAS

**RDI, LLC, a Florida Limited
Liability Company,**

    **Defendant,**
_____/

## ORDER

Plaintiff Melido Pena moves for entry of default judgment against the third-party defendants Lakeland Flight Interiors (Lakland Interiors), LLC, Lakeland Flight Aviation LLC (Lakeland Aviation), and Robert Stephen Dinicolantonio. (Doc. 161). This motion is a proceeding supplementary to the judgment entered against RDI, LLC, a Florida Limited Liability Company (RDI). In sum, Mr. Pena is attempting to hold the third-party defendants liable under successor liability and veil piercing theories to satisfy his judgment against RDI. For the reasons below, the undersigned **GRANTS in part and DENIES in part** the plaintiff's motion.

**I.     PROCEDURAL HISTORY AND BACKGROUND**

On May 15, 2019, this court issued a judgment in favor of Mr. Pena against RDI for the total amount of $41,838.50 and reasonable attorney's fees

1

(Judgment 1). (Doc. 86). On August 9, 2019, the court entered judgment in favor of Mr. Pena and awarded fees and costs in the amount of $95,235.67 (Judgment 2). On February 27, 2020, the court granted Mr. Pena's motion to commence supplementary proceedings, implead third parties, and issue statutory notices to appear. The same day, the Notices to Appear were issued. Subsequently, the court granted Mr. Pena's motion for attorney's fees and awarded Mr. Pena an additional $3,979.50 in attorney's fees to be paid by RDI on or before May 16, 2020. (Doc. 120). Judgment 1, Judgment 2, and the Order awarding attorney's fees remain unpaid.

While the judgments against RDI were pending, RDI's managing member, Mr. Dinicolantonio, dissolved RDI. Mr. Pena alleges Mr. Dinicolantonio then created Lakeland Interiors and later Lakeland Aviation "to continue the same aircraft-interior business at the same location, using the same assets, goodwill, and management." (Doc. 161, p. 6–7). Lakeland Interiors was formed on June 7, 2019, and Lakeland Aviation was formed on January 16, 2025.

Each third-party defendant was properly served and failed to respond. On September 10, 2025, the Clerk's Entry of Default was entered. (Doc. 154).

A total amount of $141,053.67 remains due to Mr. Pena.[1] Accordingly, he moves to satisfy his judgments against the third-party defendants.

## II. JURISDICTION

Proceedings supplementary are post-judgment continuations of the earlier action. The court has proper jurisdiction over this action pursuant to 28 U.S.C. § 1331 and the FLSA. Accordingly, jurisdiction is proper.

## III. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment under Rule 55(b). *See*

---

[1] The breakdown of the amount due is as follows: Judgment 1 for $41,838.50; Judgment 2 for $95,235.67; and the attorney's fees order $3,979.50.

3

*United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the court must then determine the appropriate damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

## IV.  ANALYSIS

The amended supplemental complaint (Doc. 145) alleges seven counts. The following three counts are alleged against Lakeland Interiors: (1) Alter Ago Liability; (2) De Facto Merger; and (3) Mere Continuation of Business. The same three counts are alleged against Lakeland Aviation. One count of Piercing the Corporate Veil is alleged against Mr. Dinicolantonio.

"In the context of a supplementary proceeding, alter ego/veil-piercing is a standalone cause of action to hold supplemental defendants liable to the same extent as the judgment debtor." *Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, 343 F.R.D. 443, 450 (S.D. Fla. 2023). "Under Florida law, the

corporate veil will only be pierced to prevent fraud or injustice." *Aguieus, Inc. v. Baker*, No. 8:18-CV-414-T-35AEP, 2019 WL 13226082 at *3 (M.D. Fla. July 25, 2019) (citations omitted). To pierce the corporate veil, "the plaintiff must prove that: (1) the *shareholder* dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the *shareholders* were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011). An important factor to determine "whether an individual dominates the corporation to such an extent as to negate its separate identity is whether corporate funds were used for the individual's benefit." *Id.* (citing *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120 (Fla. 1984).

In addition, liability may be imposed on a successor company when "(1) the successor expressly or impliedly assumes obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor." *Bernard v. Kee Mfg. Co.*, 409 So. 2d 1047, 1049 (Fla. 1982)).

5

### A. COUNT I - ALTER EGO LIABILITY - LAKELAND INTERIORS

The amended supplemental complaint fails to allege Lakeland Interiors is the alter ego of RDI. The complaint fails to plead Lakeland Interiors is a shareholder that dominated and controlled RDI. (*See* Doc. 145, ¶ 19) ("Dinicolantonio dominated and controlled Judgment Debtor"). The proper form to plead alter ego liability is to first allege Mr. Dinicolantonio is the alter ego of RDI and then allege that Lakeland Interiors is the alter ego of Mr. Dinicolantonio. Default judgment on Count I is **DENIED** because the amended supplemental complaint fails to plead Lakeland Interiors acted as a shareholder to dominate and control RDI to such an extent to negate RDI's independent existence.

### B. COUNT II - DE FACTO MERGER - LAKELAND INTERIORS

The amended supplemental complaint fails to allege a de facto merger between RDI and Lakeland Interiors. Under Florida law, "a de facto merger occurs where one corporation is absorbed by another, but without compliance with the statutory requirements for a merger." *Herman v. Lopez*, 401 So. 3d 382, 389 (Fla. 4th DCA 2025). "A party seeking to establish that a *de facto* merger occurred must show that (1) the two corporations share the same management, personnel, assets, and physical location; (2) there is continuity of ownership; (3) the predecessor corporation was dissolved; and (4)

the successor corporation assumed the predecessor corporation's liabilities." *In re ATIF, Inc.*, No. 23-10850, 2025 WL 3264492 *13 (11th Cir. Nov. 24, 2025) (citing *Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145 (Fla. 4th DCA 1994). Default judgment on Count II is **DENIED** because the amended supplemental complaint fails to plead Lakeland Interiors assumed the predecessor corporation's liabilities. *See In re ATIF, Inc.*, 2025 WL 3264492 at *14 (finding the successor liability claim under a de facto merger theory failed partly because the successor entity "did not assume a sufficient portion of the Debtor's liabilities to establish successor liability.").

    C.    **COUNT III - MERE CONTINUATION OF BUSINESS - LAKELAND INTERIORS**

The amended supplemental complaint successfully alleges Lakeland Interior's successor liability under a mere continuation of business theory. Under Florida law, successor liability occurs under a continuation of business theory "where the successor corporation is merely a continuation or reincarnation of the predecessor corporation under a different name." *Herman*, 401 So. 3d at 389 (citing *Bud Antle, Inc. v. E. Foods, Inc.*, 758 F.2d 1451, 1458 (11th Cir. 1985)). "The key element of a continuation is a common identity of the officers, directors and stockholders in the selling and purchasing corporation." *Id.* In other words, the successor entity is merely a "new hat" for the predecessor entity and the change is only in form not substance. *Id.*

7

The amended supplemental complaint successfully pleads Lakeland Interiors is merely a "new hat" for RDI because it pleads Lakeland Interiors is controlled by the same insiders as RDI and provides the same services as RDI. Liability under the mere continuation theory is further supported because the complaint pleads that Lakeland Interiors was formed with the same address as RDI and formed "to acquire the [same] accounts, clients, receivables and assets of Judgment Debtor, while avoiding creditors." (Doc. 145, ¶¶ 13, 16). *See Herman*, 401 So. 3d at 389 (finding a reasonable juror could have found successor liability under the mere continuation theory where the successor entity "engaged in the same business, had at least one common officer . . ., and serviced some of the same customers" and acquired some share of the predecessor entity's assets and business); *Nat. Chemistry L.P. v. Evans*, No. 613CV1607ORL31KRS, 2015 WL 12843835 at *3 (M.D. Fla. June 2, 2015) ("Under Florida law, a common identity of the assets, location, management, personnel, and stockholders in the selling and purchasing corporation is essential to a finding of mere continuation.); *Azar*, 648 So. 2d at 154−55 (affirming the trial courts finding of liability under the continuation of business theory). Therefore, default judgment is **GRANTED** for Count III.

8

### D. COUNT IV - ALTER EGO LIABILTY - LAKELAND AVIATION

The amended supplemental complaint fails to allege Lakeland Aviation is the alter ego of RDI. The complaint fails for the same reasons stated under Count I. Further, Lakeland Aviation could not have controlled or dominated RDI to such an extent to void its independent corporate existence because Lakeland Aviation was not formed until after RDI was dissolved. (Doc. 145, ¶¶ 13−14). Default judgment on Count IV is **DENIED**.

### E. COUNT V - DE FACTO MEREGER - LAKELAND AVIATION

The amended supplemental complaint fails to allege a de facto merger between RDI and Lakeland Aviation. The complaint fails for the same reasons stated under Count II. Default judgment on Count V is **DENIED**.

### F. COUNT VI - MERE CONTINUATION OF BUSINESS - LAKELAND AVIATION

The amended supplemental complaint successfully alleges Lakeland Aviation's successor liability under a mere continuation of business theory for the same reasons stated in Count III. The complaint pleads Lakeland Aviation is a mere continuation of business of RDI because it provided the same services, was owned and managed by Mr. Dinicolantonio the same as RDI, and procured RDI's business and assets to hinder and prevent creditors from collecting from RDI. (Doc. 145, ¶¶ 16, 21, 54−56). Default judgment is **GRANTED** as to Count VI.

### G. COUNT VII - PIERCING THE CORPORATE VEIL - DINICOLANTONIO

The amended complaint successfully alleges Mr. Dinicolantonio is the alter ego of RDI, the judgment debtor. The complaint pleads all three elements necessary to pierce the corporate veil. First, the complaint pleads Mr. Dinicolantonio dominated and controlled the corporation to such an extent that the corporation's independent existence was non-existent because RDI's funds were commingled and used for Mr. Dinicolantonio's personal benefit. (Doc. 145, ¶¶ 19, 59). Second, the complaint pleads RDI's form was used fraudulently and for the improper purpose to defraud and hinder the judgment creditor, Mr. Pena, from collection. (Doc. 145, ¶¶ 17, 18, 22, 59). Third, the use of the corporate form caused injury to Mr. Pena because it thwarts his attempts to satisfy his judgments. Default judgment is **GRANTED** as to Count VII.

## V. REMEDIES

Mr. Pena requests the court find the third-party defendants are successors or alter egos of RDI and thereby hold the third-party defendants jointly and severally liable for the unpaid judgments. Mr. Pena moves for an entry of default judgment against Lakeland Interiors, Lakeland Aviation, and Mr. Dinicolantonio in the amount of $141,053.67 plus post-judgment interest at the statutory rate from the date of each underlying judgment. (Doc. 161).

After liability is established, federal courts then address the terms of the judgment. *Rustik Haws, LLC v. Identiqa Sols. Co.*, No. 8:21-CV-00565-MSS-AEP, 2025 WL 470225 at * 14 (M.D. Fla. Feb. 12, 2025). "A default judgment must not differ in kind from or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The moving party bears the burden of proving unliquidated or unspecified monetary sums in a hearing on damages or otherwise. *Rustik Haws*, 2025 WL 470225 at * 14; *see* Fed. R. Civ. P 55(b)(1)−(2). The court must ensure there is a legitimate basis for awarding damages, and ensure damages are not awarded solely because of a defendant's failure to respond. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). However, well-pleaded damages are admitted by a default, and a hearing on damages may not be necessary. *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015).

Mr. Pena's damages are well pleaded and for a sum certain. The damages are admitted by default, and a hearing is not necessary. Accordingly, default judgment is entered against the third-party defendants. Lakeland Interiors, Lakeland Aviation, and Mr. Dinicolantonio are jointly and severally liable for the unsatisfied judgments owed to Mr. Pena in the amount of $141,053.67 – plus post-judgment interest at the statutory rate from the date of each underlying judgment.

## VI. CONCLUSION

For the reasons stated, default judgment on Counts I, II, IV, and V is **DENIED**. Default judgment is **GRANTED** on Counts III, VI, and VII. Lakeland Interiors and Lakeland Aviation are subject to successor liability of RDI under the mere continuation theory. RDI's corporate veil is pierced, and Mr. Dinicolantonio is liable to Mr. Pena through the alter ego theory. The damages are well pleaded and for a sum certain. Accordingly, the third-party defendants are jointly and severally liable in the amount of $141,053.67 – plus post-judgment interest at the statutory rate from the date of each underlying judgment.

**ORDERED** in Tampa, Florida, on December 11, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge